May Term,
1845.

SHERMAN
v.
WILSON.

sence of the plaintiff, the goods and chattels named in the declaration, and sold them. There was testimony also which, in the opinion of the jury, connected *Redman* with the conversion proved upon *Clark*. At this stage of the cause, it was competent for the defendants to prove that the property mentioned in the declaration had been transferred to, and had been taken possession of by, the plaintiff's assignee. In an action of trover the plaintiff, to maintain his suit, must have a right of property in the goods converted, as well as the right of possession, at the time of conversion. If the plaintiff had been declared a bankrupt at the time of the conversion, and the property, for the conversion of which the suit is brought, had passed into the hands of his assignee, it is manifest that the plaintiff had neither a right of property nor of possession. To prove those facts, the defendants offered the record from the District Court of *Missouri* as a part of their evidence. What other proof they intended to adduce, we do not know. It may be they were prepared to prove facts entirely inconsistent with the plaintiff's right of property or of possession. In the chain of evidence, the record was a necessary link, and the Court erred in rejecting it. In *Adams* v. *Lisher*, 3 Blackf. 241, it was decided, that the transcript of a record from a District Court of the *United States* was admissible as evidence in the Courts of this state.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Collins*, *W. Quarles*, and *J. H. Bradley*, for the appellants.

*R. Crawford*, for the appellee.

---

### SHERMAN *v.* WILSON.—In error.

Wednesday,
May 28.

IF the declaration in assumpsit contain a count on a promissory note, and a common count, and the defendant appear to the suit and suffer judgment by *nil dicit*, the Court cannot assess the damages without the consent of parties.